IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30103
_____

RICHARD WILLIAMS; SADIE MAE WILLIAMS,

Plaintiffs-Appellants,

and

WILLAMETTE INDUSTRIES, INC.,

Intervenor-Plaintiff-Appellant,

versus

VALMET, INC.,

Defendant-Intervenor-Defendant-Appellee,

and

VALMET CANADA, INC.; SOUTHERN INDUSTRIAL,
INC.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1815)
- - - - - - - - - -

December 10, 1999

Before WIENER and STEWART, Circuit Judges, and SHAW, District
Judge.[*]

PER CURIAM[**]

    In this personal injury case implicating the Louisiana

Products Liability Act,[1] Plaintiffs and Intervenor-Plaintiff

_____

    [*]District Judge of the Western District of Louisiana,
sitting by designation.

    [**]Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

    [1] La. Rev. Stat. § 9:2800.51 et. seq. (1997)("LPLA").

contest the district court's "gatekeeper" ruling under Daubert[2] prohibiting Plaintiffs' expert witness from giving professional opinion testimony regarding design defects of, inter alia, hand railings and guard devices. Those parties also appeal that court's evidentiary rulings on various exhibits and depositions regarding composition and construction of the portion of the facility where Plaintiff Richard Williams was injured. We review all contested evidentiary and testimony rulings in this case for abuse of discretion by the district court.

We have now conducted such a review of the record in this case and the briefs of able counsel, and have heard the arguments of counsel in open court; and, after applying the pertinent law to the facts and the proceedings in the district court, we are convinced that there was no abuse of discretion in any of the contested rulings. We are equally convinced that the judgments of the district court, dismissing the Plaintiffs' and Intervenor-Plaintiff's claims under the LPLA for design defects and for composition or construction defects, as well as their negligence claims against Southern Industrial, Inc., were correct and therefore should be and hereby are
AFFIRMED.

---

[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).